In the Matter of the Claim of KELLY R. TULLOCK, Respondent, against NEW YORK POWER AND LIGHT CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant sustained a sacroiliac strain and spasm of the lumbar muscles as the result of an industrial accident. A fall at a later date aggravated the earlier injuries. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of IDA HARRIS, Respondent, against UNITED CIGAR STORES COMPANY OF AMERICA and Others, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The decedent was a clerk in a cigar store. The cigar store was held up by a robber. Before the bandit left the store, or as he was leaving, he shot the decedent and the decedent shot him. From the injury the decedent died. The decedent was protecting the employer's property when he shot the bandit. No rule of the employer forbidding the carrying of firearms or resistance to a hold-up was brought to the attention of the decedent. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of ROSE ROTH, Respondent, against H. C. BOHACK COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Claim of common-law widow for death benefits sustained. Injury aggravated previous heart condition. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of SAMUEL HANDELMAN and Another, Respondents, against KNICKERBOCKER ICE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Deceased employee worked on ice wagon. Death resulted from an infection claimed to have been caused by a scratch on his elbow. Question raised by appellant is whether the declarations of the deceased were sufficiently corroborated. A third party saw the bleeding fresh wound. The other question is as to the dependency of the father and mother. Deceased gave all of his earnings to his parents. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.