In the Matter of the Claim of HELEN MARGARET ORMSBEE CADY, Respondent, against SYRACUSE COLD STORAGE Co. and Another, Appellants.— Appeal from a decision of the State Industrial Board made on June 2, 1936, pursuant to the Workmen's Compensation Law, that the insurance carrier is liable for medical treatment of claimant. The employee was injured on January 8, 1926, by striking her left breast against a safe door. The period of disability suffered by her was less than seven days, but she required further medical attention and treatment. At a hearing on February 15, 1927, the referee held: " No lost time in the case. Close. Continue medical." Claimant received medical examinations periodically from June 22, 1931, apparently not through the employer or carrier. The medical evidence shows that claimant is now suffering from chronic mastitis, periodical examinations are advisable, claimant is working and able to continue. Appellants contend that the case was not open and pending on April 24, 1933, and that any payment of compensation or medical expenses should be made out of the special fund under section 25-a of the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the State Industrial Board. Present —Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANNA LEGERSKI, Respondent, against CHILDS COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer from an award of death benefits to the widow and minor children of Stanley Legerski, deceased employee. The only question presented is whether the hearsay evidence as to occurrence of the accident is sufficiently corroborated. Deceased was a butcher by trade and employed as a storeroom man by his employer. On April 14, 1935, while working in one of the restaurants conducted by his employer in Buffalo he was detailed to aid the chef. While assisting the chef he cut his right thumb while opening a can. Deceased reported the accident to the manager of the employer on April 16, 1935, at which time the manager saw the laceration to the thumb and described it as about one-half inch long and of the width of a pencil. The thumb became infected and the infection progressed to the right arm necessitating lancing and death occurred on April 23, 1935, from general septicemia. Dr. Long who treated deceased on April 16, 1935, at the direction of the employer received a statement from the deceased as to how the accident occurred. He described the injury as " infected laceration of the right thumb " with " infection extending up right arm " and said that the accident was a competent producing cause of the injury. Deceased also told his wife as to the occurrence of the accident and she saw the injury. Deceased made like declarations to his family physician, to other physicians who examined the injured member and to a number of fellow employees. The employer's first report of injury described the nature of such injury as, " said to be cut on thumb." There is evidence to sustain the finding of the Industrial Board. (Matter of Handelman v. Knickerbocker Ice Co., 243 App. Div. 660.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.